IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIANNA NICOLE SPARLING,<br><br>Defendant. | CR 19–46–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Brianna Nicole Sparling's Motion for Early Termination of Supervision. (Doc. 55.) Sparling pled guilty to one count of possession with intent to distribute controlled substances and, on June 5, 2020, was sentenced to a custodial sentence of 30 months, followed by 5 years of supervised release. (Doc. 47.) Sparling began her period of supervised release on April 29, 2022, and now seeks the premature termination of her remaining term of supervised release. (Doc. 55 at 2.) Neither the United States Attorney's Office nor the United States Probation Office objects to the motion. (Doc. 54.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to

the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Sparling has served over one year of her term of supervision, rendering her statutorily eligible for the premature termination of her remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Sparling's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Sparling waives it, or if the proposed modification is favorable to her and the United States does not object. The premature termination of Sparling's supervised release is obviously favorable to her and the United States does not object. (Doc. 54.) Accordingly, the Court will dispose of this matter without a hearing.

sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Sparling's remaining term of supervised release. Sparling completed RDAP programming while in BOP custody as well as one-on-one drug counseling and has been sober for approximately 5 years. She continues to participate in mental health treatment. While residing in pre-release, Sparling found employment at SpringHill Suites, where she remains employed and has been promoted to a managerial position. Her manager describes her as a valuable asset to the team, a leader, and a dependable person. Sparling's probation officer has not reported any violations of the terms of her supervision, even in the face of recent life changes and stressors. Sparling's children reside in California and she indicates a desire to move to be closer to her children and to explore more career opportunities. In summary, Sparling has demonstrated her capability to re-enter society as a law abiding and productive citizen. She has reflected on the circumstances that brought her before the Court and has grown from this experience.

Accordingly, IT IS ORDERED that the motion (Doc. 54) is GRANTED.

IT IS FURTHER ORDERED that Sparling's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed

to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 12th day of August, 2024.

_____
Dana L. Christensen, District Judge
United States District Court